**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-10464

RENE COOK,

Plaintiff-Appellant,

VERSUS

EAST TEXAS STATE UNIVERSITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CV-1174-H)

April 23, 1998

Before POLITZ, Chief Judge, REYNALDO G. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rene Cook, a white female, was employed as a patrol officer for the East Texas State University (ETSU) Police Department under the supervision of Police Chief Max Clay from June 1993 until November 1995. The ETSU police force consisted of approximately fifteen officers, all male, except for Cook and one detective. Cook alleges that it became obvious soon after she began working at ETSU that the police department was not a female-friendly environment. She maintains that Chief Max Clay

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

sanctioned and approved policies favoring men over women and encouraged conduct and speech that portrayed women as sex objects. Furthermore, Cook asserts that the male police officers, especially former Assistant Chief Ken Regan, daily made sexually suggestive and lewd comments about women in general and Cook in particular. In November 1993, Cook registered a complaint with Betty Stewart, ETSU's EEOC officer, of sexual harassment by Ken Regan. As a result of this complaint, ETSU terminated Regan's employment in December 1993. Soon after Regan was terminated, Cook complained of sexual discrimination and acts of retaliation on the part of Chief Clay and other male police officers.

In April 1994, Cook took a leave of absence because of a work-related thumb injury. Although Cook was capable of returning to work in August 1994, she did not. ETSU formally terminated her on November 3, 1995, reasoning that she had abandoned her job.

After filing charges with the EEOC for gender discrimination and retaliation for testifying against Ken Regan, Cook sued ETSU in April 1996 for sexual discrimination, race discrimination, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The district court granted ETSU's motion for summary judgment with respect to all of Cook's claims on March 28, 1997. In its oral reasons for granting summary judgment, the district court concluded that Cook had not established a genuine issue of material fact with respect to her gender discrimination and retaliation claims. In addition, the court concluded she had abandoned her race discrimination claim.

In considering Cook's retaliation claim, the district court characterized the conduct of which Cook complained as merely "allegations of poor treatment" by her co-workers which did not qualify as an adverse employment action. Furthermore, the court concluded that Cook had not shown a causal connection between her protected

2

activity, reporting Regan's sexual harassment on November 8, 1993, and her termination by ETSU on November 3, 1995. Finally, the court rejected Cook's argument of constructive discharge on August 1, 1994, stating that "there is nothing tangible, specific or definite" to support her allegation.

With respect to gender discrimination, the court first considered Cook's claim that she had been denied equal employment opportunities because of her gender. The court rejected this argument as Cook had not demonstrated ETSU had replaced her with a male. Furthermore, ETSU had articulated a legitimate, nondiscriminatory reason for her termination, job abandonment, which Cook had not shown to be pretext for discrimination. With respect to Cook's hostile work environment claim, the district court first noted that Cook's only evidence in support of her allegations was set forth in somewhat "conclusory" terms in her affidavit. The court further concluded that the alleged conduct Cook attributed to Chief Clay was not sufficiently pervasive to alter the terms or conditions of her employment.

After carefully reviewing the briefs, record excerpts, and relevant portions of the record itself, we affirm for substantially the same reasons stated by the district court in its oral reasons on March 28, 1997. Cook has not introduced sufficient evidence of conduct based on gender rather than retaliation with respect to her gender based hostile work environment claim. We agree with the district court that Cook failed to plead or prove sufficient concrete facts to establish a retaliatory hostile work environment claim. While constructive discharge can be an adverse employment action, Cook must have established that a genuine issue exists with respect to whether "working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." Landgraf v. USI Film Products, 968 F.2d 427, 429 (5th Cir. 1992). She did not do so. Finally, we agree with the district court that Cook has failed to establish a genuine issue of material fact with respect to

3

demonstrating a causal connection between her protected activity and her termination, i.e. that ETSU's articulated reason for terminating Cook, job abandonment, is actually a pretext and that except for filing her charge she would not have been terminated. Accordingly, the judgment of the district court is AFFIRMED.